ruary, 1783, the determination of their actual service.

The provisional articles prove the war to have been ended by that act.

The articles indeed were not to be conclusive until the terms of a peace should be agreed upon between Great-britain and France. but when those terms were agreed upon the articles were conclusive. and they were an act of the day on which they were done, not of the day on which the terms of peace between Great-britain and France were agreed upon. if the terms of peace between Great-britain and France had not been agreed upon, the provisional articles would not have been in force from the begining; this being true, its converse, if the terms of peace between Great-britain and France were agreed upon, the provisional articles were in force from the begining, must also be true. yea, the court of appeals theirselves in this opinion admit the war to have been ended by those articles. for,

If the war was not ended by the provisional articles, it was not ended before the definitive treaty in september, 1783; (c) but the court of appeals have allowed those officers who were in service until april, one thousand seven hundred and eighty three, to be intitled to half pay, and therefore the war to have ended when the provisional articles were done. (d)

If the war was ended by the provisional articles why are not the officers who continued in the service until the signature of those articles, including the plaintiffs, intitled to their half pay? because, say the court of appeals, officers, to be intitled to half pay, must have continued in the service until the signature of the articles was notified to the governor and signified 253 by him to the *officers. (e) did the commonwealth agree with the officers that they should not be intitled to half pay, unless they woud continue in service until such notification and signification? do the statutes declare so? when the statutes had enacted, that officers who continued in service until the end of the war, should receive half pay during life, can any court, without assuming the power to change the

law, determine, that the officers shall not receive half pay, although they shall have served until the end of the war, unless they shall moreover have continued in the service until a notification to the governor, that the war was ended: and this too, notwithstanding the officers continued in service until they were discharged by the governor, and were not required to enter into it again? and hath any court power to change the law? if these questions be answered negatively, as probably they will be, the principal question, namely, whether officers, who continued in service until the provisional articles were done, and afterwards until they were discharged, be intitled to half pay, must be answered affirmatively.

_____

BETWEEN
RICHARD WOODS, *plaintiff,*
AND
PHILIP MACRAE, *defendent.* *

March, 1794.

**New Trial—Mistaken in Verdict.†**—New trial granted for mistake in the verdict: Jurors examined to prove the mistake.

SOME of the jurors on trial of the issue in an action at common law, brought by the defendent against the plaintiff, appearing by their own examinations, (a) taken in this cause, to have believed the defendent intitled to one half of a lottery ticket, and upon that supposition to have calculated the damages assessed for him, although that he was intitled only to one fourth, if to any, part of the ticket, appeared manifestly from abundant testimony; the court, the 8 day of march, 1794, ordered another trial of the issue.

_____

*BETWEEN                                    254
JOHN SIMON FARLEY and Elizabeth Morson, *plaintiffs,*
AND
THOMAS LEE SHIPPEN and Elizabeth Carter, late Elizabeth Carter Banister, his wife, Champe Carter and Maria, late Maria Farley, his wife, Mary Byrd Farley, and Rebecca Parke Farley; which two last named parties, being infants, appear by John Dunbar their guardian, *defendents.*

March, 1794.

**Joint Tenancy‡— Right of Survivorship—Case at Bar.**—Before our revolution two brothers, british subjects, purchased jointly lands in Virginia and in N. Carolina. One, who had acted as the agent in said purchases, and was also appointed executor of the decedent, became entitled to the legal right by survivorship; but he repeatedly declared it

_____

*On appeal, the decree of the high court of chancery in this case was affirmed by the court of appeals. M'Rae v. Woods, 2 Wash. 80.

†New Trial.—See monographic *note* on "New Trials."

(a) See the case between Cochran and Street, ante.—Note in edition of 1795.

‡Joint Tenancy —See monographic *note* on " Joint Tenants and Tenants in Common" appended to Ambler v, Wyld, Wythe 235.